———o———

5567.

(Court of Appeal, Parish of Orleans.)

# H. SCHRODER ET AL vs. LIFE INSURANCE COM-PANY OF VIRGINIA.

1. Evidence received without objection does not enlarge the issues when otherwise admissible under the pleadings.
2. When a document forming the basis of a demand was not offered and introduced in evidence below, the case may be remanded to afford an opportunity to supply the omission.

Appeal from the Civil District Court, Division "A."

Legier and Gleason, for plaintiff and appellant.

Gross & Sladovich, attorneys.

Howe, Fenner, Spencer & Cocke, B. J. Mayer attorneys for defendant.

DUFOUR, J.—The plaintiffs' alleging that their deceased mother had a policy of insurance in the defandant company to which they became entitled at her death, sue to recover the amount thereof.

The company admits the execution of the policy but avers that it was assigned by the insured to one Mary Kerstner who claims the same. It therefore prays that the latter be cited and that it be allowed to deposit the avails of the policy in Court for the settlement of the conflicting claims.

Mary Kerstner's answer avers that the assignment to her was in writing executed before competent witnesses on July 15th, 1889 and that the plaintiffs have no right to contest her right to the proceeds of the policy.

From a judgment in favor of Mary Kerstner the plaintiffs have appealed.

They ask that the judgment be reversed and the cause remanded because the assignment was not offered in evidence below and is therefore not before us.

The contention is correct; we do not find that the assignment was offered and introduced in evidence, and we are therefore unable to pass upon the question of its validity and its scope. The plaintiffs had no opportunity to object to it, should they have had any objection to urge.

The verbal proof introduced below was intended to show that there was an assignment signed by Mrs. Schroder; such proof was admissible for that purpose and could not properly have been objected to; hence, it cannot be considered as evidence received without objection supplementing the pleadings and constituting proof of the assignment.

Judgment reversed and cause remanded to be proceeded with according to law, appellee to pay costs of appeal, those of the lower Court to await the final determination of the cause.

May 27th, 1912.

———o———

5575.

(Court of Appeal, Parish of Orleans.)